# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3135

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Northern |
| David Lionell Taylor, Jr., Also | * | District of Iowa. |
| Known as BC, Also Known as | * | |
| Bone Crusher, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 9, 1999

Filed: April 14, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
SACHS,[1] District Judge.

_____

PER CURIAM.

David Lionell Taylor appeals his conviction by a jury on two counts of
violating federal drug laws. *See* 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(iii), § 846.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western
District of Missouri, sitting by designation.

On appeal, he maintains that the trial court[2] erred in denying his motion for a new trial, that the government violated his due process rights by withholding exculpatory material, and that the trial court erred in denying his motion to dismiss his counsel before trial.

Mr. Taylor's motion for a new trial was unusual in that it was made on the ground that he had been denied the right to the effective assistance of counsel secured by the sixth amendment to the Constitution. Ordinarily, such motions are made post-appeal under 28 U.S.C. § 2255; but in this instance the trial court held more than one hearing on the motion in the belief, correct we think, that this kind of claim may be heard and determined in the context of a post-trial motion for a new trial. *See United States v. Smith*, 62 F.3d 641, 650-51 (4th Cir. 1995). After a full consideration of the matter, the trial court denied the motion, ruling that Mr. Taylor's counsel did in fact provide him with effective representation. The trial court's thorough opinion and careful scrutiny of the record make it unnecessary for us to visit this issue in any detail. We are satisfied after our own examination of the record that there is no error of law or fact in the trial court's conclusion that the ineffective assistance claim ought to be denied.

*Brady v. Maryland*, 373 U.S. 83, 87 (1963), requires the government to provide a defendant with any exculpatory material that it may have in its possession so that the defendant may make use of it at trial. Mr. Taylor maintains that the government failed to provide him with details about the manner in which one of the witnesses against him had cooperated with the government in drug investigations in the past. But Mr. Taylor did know that the witness had cooperated, and effective use of that fact was made on cross-examination. Such details as Mr. Taylor subsequently learned about that cooperation would not, we are satisfied, have had an effect on the jury's

---

[2]The Honorable Michael J. Melloy, Chief United States District Judge for the Northern District of Iowa.

verdict, in light of the extensive cross-examination of the relevant witness that did occur and the weight of the other evidence against Mr. Taylor. We therefore reject his *Brady* claim.

Finally, our reading of the record convinces us that the trial court committed no error in denying Mr. Taylor's motion to dismiss his counsel before trial.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.